IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| CUSTOMBILT FIREARMS MANUFACTURING, L.L.C., D/B/A THE BULLET HOLE CUSTOMBILT FIREARMS MANUFACTURING,<br><br>      Complainant,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>      Respondent. | Case No. 2:23-cv-2318 |

COMPLAINT FOR JUDICIAL REVIEW

COMES NOW Petitioner, Custombilt Firearms Manufacturing, LLC, d/b/a The Bullet Hole Custombilt Firearms Manufacturing (hereafter, "Custombilt"), pursuant to 18 U.S.C. § 923(f)(3) and 27 C.F.R. § 478.78, by and through counsel, and for its Petition for Judicial Review of administrative action of Respondent, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter, "ATF"), states as follows:

    I.    Parties and Jurisdiction

        1.) Custombilt is an arms dealer with a principal place of business located within the

District of Kansas.

2.) The ATF, Kansas City Field Division, is the agency whose action is at issue in this case.

3.) ATF has a mailing address of 1251 NW Briarcliff Parkway, Suite 600, Kansas City, Mo 64116.

4.) Custombilt's firearms dealer's license was issued in 2018.

5.) On July 6th, 2023, the ATF gave notice of the revocation of Custombilt's license, pending the filing of this Petition for Judicial Review.

6.) Notice of the revocation was effected by personal service upon the principal of Custombilt and was confirmed by email to the undersigned from William Miller, ATF Director of Industry Operations, on July 6th, 2023.

7.) This action was initiated within sixty (60) days of Custombilt's final license revocation decision.

8.) Custombilt has exhausted its administrative remedies prior to the filing of this action.

9.) This Court has jurisdiction over the subject matter and over Respondent pursuant to 18 U.S.C. § 923(f)(3) and 27 C.F.R. § 478.78.

II. Summary of Agency Action

1.) Beginning on March 21st, 2022, the ATF conducted a compliance inspection of Custombilt's premises.

2.) On October 27th, 2022, the ATF issued a Notice to Revoke or Suspend License

and/or Impose a Civil Fine, alleging that the compliance inspection revealed several alleged violations as to acquisition/disposition records, background checks, and ATF From 4473's.

3.) The September 20, 2017 Notice alleged that Custombilt, by and through its agents and employees, willfully failed to comply with federal law and regulations relating to the sale or disposition of firearms by, inter alia:

  i. Acquisition and Disposition Record Violations:

    1. On 13 occasions, Licensee willfully failed to timely record the acquisition of firearms, in violation of 18 U.S.C. § 923(g)(l)(A) and 27 C.F.R. § 478.123(a).

    2. On 15 occasions, Licensee willfully failed to timely record the disposition of firearms to licensees, in violation of 18 U.S.C. § 923(g)(l)(A) and 27 C.F.R. § 478.123(b).

    3. On 15 occasions, Licensee willfully failed to timely record the disposition of firearms to nonlicensees, in violation of 18 U.S.C. § 923(g)(l)(A) and 27 C.F.R. § 478.123(d).

    4. On one occasion, Licensee willfully made a false statement or representation with respect to information required by the GCA, in violation of 18 U.S.C. §924(a)(l)(A) and 27 C.F.R. § 478.128(c).

  ii. ATF Form 4473 Violations:

1. On five occasions, Licensee willfully failed to obtain a complete and/or accurate Firearms Transaction Record, ATF Form 4473, from the transferee prior to making an over-the-counter transfer of a firearm to a non-licensee, in violation of 18 U.S.C. § 923(g)(l)(A) and 27 C.F.R. § 478.124(c)(l).

2. On 11 occasions, Licensee willfully transferred a firearm to a non-licensee without recording the date the Licensee contacted NICS, any response provided by the system and/or any identification number provided by the system on the Firearms Transaction Record, ATF Form 4473, in violation of 18 U.S.C. § 923(g)(l)(A) and 27 C.F.R. § 478.124(c)(3)(iv).

3. On 11 occasions, Licensee willfully failed to obtain/execute the Firearms Transaction Record, ATF Form 4473 as indicated by the headings on the Form and the instructions on or pertaining to the Form, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.2l(a).

4.) Custombilt timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2) for the ATF to review the revocation action.

5.) Said hearing was conducted on March 21, 2023, at the ATF Kansas City Area Office. The hearing was conducted by the ATF Director, Industry Operations, Kansas City Field Division, William Miller. Custombilt was represented by counsel

and present through its sole owner and president, Charles Wilson.

6.) Despite evidence Custombilt presented showing that none of the above violations had in fact occurred (or if they did, that such violations not committed willfully) the ATF issued a final notice of revocation of Custombilt's firearms dealer's license on July 6th, 2023.

III. Reasons for Judicial Review

1.) 18 U.S.C. § 923(e) authorizes the Attorney General to revoke any license issued under that section if "the holder of such license has willfully violated any provision of this chapter."

2.) 18 U.S.C. § 923(f)(3) allows the revoked licensee to petition a United States District Court for de novo review of the agency decision.

3.) Upon receiving notice of such alleged violations and at a hearing regarding the same, Custombilt presented substantive evidence that it was not, in fact, in violation of U.S. law or regulations regarding the licensing of firearms dealers—or if it was in violation, that such violations were not willful and immediately remediable.

4.) The ATF nevertheless revoked Custombilt's firearms dealer's license under the unwarranted presumptions that such violations did occur and that they were willful.

5.) The ATF's final decision revoking Custombilt's license was arbitrary and capricious, and not warranted by agency standards and/or existing law.

IV. Certification and Closing

1.) Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

V. Request for Relief

1.) The appropriate corrective step is for the Court to find that the ATF has (a) failed to follow its prescribed procedure; (b) applied a determination of fact that is not supported by the evidence; and (c) taken unreasonable, arbitrary and capricious action. Consequently, the Court should reverse and remand the ATF's decision and require that the ATF reinstate Custombilt's firearm dealer's license in line with its prescribed procedure.

WHEREFORE, Custombilt requests the Court to reverse and remand the ATF's decision and require that the ATF reinstate Custombilt's firearm dealer's license in line with its prescribed procedure.

          Respectfully Submitted,

          SUTTON LAW OFFICE, L.L.C.
          /s/ Jeffery A. Sutton_____

Jeffery A. Sutton    (KS #14186/MO #52510)
1106 North 155th Street
Basehor, Kansas  66007
(913) 724-3003  ♦  (913) 724-3005 [fax]
jefferys@jefferysuttonlaw.com
*Attorney for Petitioner*