UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CUSTOMBILT FIREARMS MANUFACTURING, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPT. OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, AND EXPLOSIVES,<br><br>    Defendant. | Case No. 23-2318-KHV-BGS |

### **REPORT & RECOMMENDATION OF DISMISSAL**

On July 20, 2023, Plaintiff, represented by counsel Jeffery Sutton, filed its federal court Complaint and civil cover sheet. (Docs. 1, 2.) A Notice of Deficiency was issued that same day, instructing Plaintiff that the designation of place of trial was missing. (7/20/23 text entry.) Plaintiff's counsel immediately filed the designation. (Doc. 3.)

When no further filings or notices had been filed by Plaintiff, staff for the undersigned Magistrate Judge emailed Plaintiff's counsel on October 19, 2023, requesting a status report. Plaintiff's counsel responded the next day indicating that he was "finalizing an amended petition [sic] to add a second Plaintiff, personally, who is the permitted dealer for Custombilt and has a personal license that is being revoked." By January 17, 2024, no amended pleading or motions seeking an extension had been filed by Plaintiff. Further, there was no indication Plaintiff had even attempted to serve Defendant with the Complaint.

The undersigned Magistrate Judge thus entered a Show Cause Order directing Plaintiff to show cause in writing by January 24, 2024, why the Court should not recommend to the District Court that the claims against Defendant be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is

filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

On January 24, 2024, Plaintiff filed its response to the Show Cause Order. (Doc. 6.) Therein, Plaintiff indicated

> 1. Council [sic] acknowledges. [sic] Receipt of an e-mail from. [sic] Court staff. [sic] Concerning the status. [sic] Of the action.
> 2. The Kansas State District Court. [sic] E-filing system was compromised by cyber security incident.
> 3. The procedural management of document filing during the time the courts information system was being rehabilitated required the utility of paper pleadings for all actions.
> 4. The e-mail received from court staff was inadvertently appended to a document for another matter.

(*Id.*, at 1.)[1] Plaintiff attached as an exhibit to the show cause response a draft of its proposed Amended Complaint. (Doc. 6-1.) Plaintiff indicated it would "expeditiously affect service of process upon the Defendant" after filing the Amended Complaint. (Doc. 6, at 1-2.) Plaintiff further indicated that the "failure to file the amended complaint and serve process was not meant to delay the prosecution of this matter. (*Id.*, at 2.)

Thereafter, the Court entered a text Order acknowledging Plaintiff's response to the Show Cause Order. (Doc. 7, 1/25/24, text Order.) The Court instructed Plaintiff to file the Amended Complaint by the end of business the next day, which Plaintiff did.[2] (*Id.*; Doc. 8.) Plaintiff was also

---

[1] The Court notes that the cyber security incident that impacted Kansas State District Courts did not involve and did not impact the federal courts for the District of Kansas.

[2] Plaintiff's initial Complaint (Doc. 1) sought judicial review of the administrative action by Defendant ATF revoking Plaintiff's license to sell firearms. The Amended Complaint contained additional factual allegations and brought three causes of action against Defendant – an alleged violation of the Gun Control Act (Count I), alleged violations of Plaintiff's rights under the Second Amendment to the United States Constitution (Count II), and an alleged denial of Plaintiff's rights under the Fifth Amendment to the United States Constitution (Count III). The Amended Complaint did not add a new Defendant.

given <u>30 days (until February 26, 2024)</u> to serve the Amended Complaint on Defendant and instructed that if Plaintiff "fails to comply with this Order, <u>the undersigned Magistrate Judge will recommend to the District Court that Plaintiff's Complaint be dismissed without prejudice</u>." (*Id.* (emphasis added).) To date, some six weeks after the deadline Plaintiff was given to serve Defendant, there has been no further activity in the case.[3] No motions or additional pleadings have been filed by Plaintiff. There has been no indication that Plaintiff has even attempted to serve Defendant.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Amended Complaint (Doc. 8), be **dismissed without prejudice** for failure to timely serve Defendant and failure to comply with this Court's Order.

**IT IS ORDERED** pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

---

[3] "[T]he [90 day service] period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (in context of prior version of Fed. R. Civ. P. 4 with 120 day service deadline) (citing *Carmona v. Ross*, 376 F.3d 829 (8th Cir.2004); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed.2002); 1 James Wm. Moore et al., Moore's Federal Practice § 4.80 (3d ed.1997)). "This construction of the rule prevents the plaintiff from repeatedly filing amended complaints 'to extend the time for service indefinitely … .'" *Id.* (citation omitted). If the filing of an amended complaint simply reset the Rule 4(m) 90 day service deadline, "dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original [90]-day deadline simply by filing an amended complaint when it felt like effecting service." *Id.*, at 1148-49. Thus, "service ... upon a defendant within [90] days after the filing of the complaint," Rule 4(m), … refer[s] to filing of the first version of the complaint naming the particular defendant to be served." *Id.*, at 1149.

Dated April 9, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge